CASE 107—FORFEITED BAIL BOND—JUNE 2.

# Smith v. Commonwealth.

APPEAL FROM WARREN CIRCUIT COURT.

THE SURETY IN A BAIL BOND CAN NOT EXONERATE HIMSELF BY DELIV-
ERING HIS PRINCIPAL TO THE JAILER OF A COUNTY OTHER THAN THAT
IN WHICH THE PROSECUTION IS PENDING; but where the principal,
having been thus illegally surrendered by the surety, procures his
release upon a writ of *habeas corpus,* the surety is thereby discharged.
While the judge before whom the writ of *habeas corpus* is tried
should, in default of new bail, remand the prisoner to the county in
which the prosecution is pending, yet his action in releasing the pris-
oner has the effect of the judgment of a court of competent jurisdic-
tion, and, although erroneous, is not void; and the prisoner having
thus been taken out of the custody of the surety by competent au-
thority, the surety is released.

MARC MUNDY FOR APPELLANT.

1. There being a warrant from Jefferson county, as also one from Warren
county, for the arrest of Von Arnold on the same complaint, and he
being incarcerated in the Jefferson county jail on both warrants, the

Smith v. Commonwealth.

surrender by appellant to the Jefferson county jail was a compliance with the letter and spirit of section 86, Criminal Code.

2. Even the Warren court could not have tried Von Arnold after his dismissal by the Louisville court except on new order of arrest. (Criminal Code, section 422.)

3. The release of a prisoner on *habeas corpus* by a judge having jurisdiction, though erroneous, releases the bail. (Commonwealth v. Bronson, 14 B. M., 361.)

4. When the Commonwealth, by her own act, prevents the appearance of the accused, she should not enforce the penalty against the bail. (Commonwealth v. Overby, 80 Ky., 208.)

P. W. HARDIN, ATTORNEY-GENERAL, NAT A. PORTER, COMMONWEALTH'S ATTORNEY, AND JAMES C. SIMS, COUNTY ATTORNEY, FOR APPELLEE.

1. The bail can not be released except by surrendering the accused to *the jailer of the county in which the prosecution is pending.* (Criminal Code, secs. 86, 87; Marking v. Needy, 8 Bush, 22; Romey v. Commonwealth, 85 Ky., 838.)

   As the accused had no right to surrender the accused to the jailer of Jefferson county, his release from the jail of that county did the bail no harm.

2. No conduct on the part of the Commonwealth can release the bail unless it violates or interferes with their contract rights, or is such as will constitute an estoppel. (Kirby v. Commonwealth, 1 Bush, 113; Withrow v. Commonwealth, 1 Bush, 17; Commonwealth v. Thompson, &c., 9 Ky. Law Rep., 439.)

3. The law has been changed since Commonwealth v. Bronson, 14 B. M., 361, was decided.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The judge of the Warren County Court issued a warrant of arrest against Charles J. Von Arnold for illegally causing the arrest and imprisonment of J. F. Garrett in the jail of Warren county, Kentucky. Said Arnold was arrested and lodged in the jail of Jefferson county under said warrant, and upon the appellant becoming his bail for his appearance before the county judge of Warren county, he was released from jail. Before said bond was returned to the

Warren County Court, the appellant, upon a certified copy of the bond, and intending to surrender said Arnold, caused him to be arrested and put in the jail of Jefferson county. He was taken from said jail on a writ of *habeas corpus*, issued by Judge Toney, of the Louisville Law and Equity Court, and, upon the trial of the same by said judge, he was "released and discharged." Said Arnold failing to appear before the county judge, and the bond having been sent to the circuit court with the proper indorsement, and appellant having been summoned to appear before that court to show cause why judgment should not be rendered against him on the bond, he relied on the release and discharge of Arnold by Judge Toney as releasing his obligation on the bond. The circuit court having decided against him, he has appealed.

It is held in the case of Commonwealth v. Bronson, 14 B. M., 361, that in legal contemplation a prisoner, notwithstanding he is bailed, remains in the custody of his surety, and he has the right to surrender his principal at any time to be released of the custody of him and responsibility as his surety on the bond; that the surety did not legally surrender his principal to the jailer; consequently the jailer held the principal as the agent of the surety, which was illegal; that the principal, being thus illegally restrained of his liberty, his remedy was by writ of *habeas corpus;* that the justice who tried this writ had jurisdiction to try it, and he having tried it and discharged the principal, when he ought to have required him to give a new bail bond for his appear-

ance, released surety from responsibility on the bond,
Here the surety surrendered his principal to the jailer
of Jefferson county instead of to the jailer of Warren
county, to whom he ought to have been surrendered;
consequently, the surrender was not legal, and the
jailer had the custody of the principal as the agent
of the surety, and not in the discharge of a legal
duty. But it was not the custody that the surety
and his principal had agreed on, hence, illegal; and
the principal's only remedy was by writ of *habeas
corpus* to remove this illegal custody, which had the
effect to take him out of the illegal custody, and out
of any friendly custody also, and to place him again
in the custody of the law ; not merely to release him
from the illegal restraint, and remand him to the
friendly custody of his surety, but to be dealt with
as though no bond had been given, which was, in this
case, according to the papers before the judge, to re-
quire him to give new bail for his appearance before the
Warren County Court for trial, or, in default of which,
to order him taken to said county for trial. But the
judge's failure to do this, while illegal, did not ren-
der his action void, because his action had the effect
of the judgment of a court of competent jurisdic-
tion; hence, it was merely erroneous. This erroneous
judgment, as the case *supra* decides, and as we think
correctly, had the effect to release the surety from
his obligation on the bond. The question, in a case
like this, as to the liability of the surety on his bond,
is not whether he should be held on his bond because
he has not proceeded legally to get released, but the
question is, was the principal taken out of the cus-

tody of the surety and again put in the custody of·
the law by competent authority? If he was, the
surety is released of his obligation.

The judgment is reversed, and cause remanded.