STATE *v*. ADLER.

Opinion delivered February 24, 1900.

1. BAIL BOND—EFFECT OF DISCHARGE OF PRINCIPAL.—If one held to bail be discharged on habeas corpus by a tribunal of competent jurisdiction, this will also discharge the surety in the bail bond. (Page 477.)

2. SAME—DISCHARGE—COLLATERAL ATTACK.—Where a person who is an officer of the United States is charged in a state court with an offense alleged to have been committed by him in the discharge of his official duties, the judgment of a federal court or judge, having jurisdiction, discharging such officer on habeas corpus cannot be attacked for informality of procedure in a suit by the state to forfeit the bail of such officer. (Page 477.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

*Jeff Davis*, Attorney General, *Chas. Jacobson*, *S. D. Campbell* and *J. C. Yancey*, for appellant.

It was in the surety's power to surrender his principal, and, having failed to do so, he is liable on the bond. 49 S. W. 349; 62 Ark. 505; 51 Am. Rep. 277; 35 Ark. 532; 25 Am. Rep. 524; 35 Am. Rep. 437; 4 Am. Rep. 58; 16 Wall. 366. The habeas corpus act (Rev. St. U. S. §§ 751–766) gives the federal courts power to release a person only when the body of the petitioner can be brought before the judge and by the person actually having him under *involuntary* custody. Church, Habeas Corpus, § 87, p. 106; 169 U. S. 293, 294; 1 Am. & Eng. Enc. Law, 1067; 172 U. S. 148, S. C. 19 Sup. Ct. Rep. 110; also, 4 Am. & Eng. Dec. in Eq. 495; 29 Ark. 47; 43 Ark. 107; 48 Ark. 151; 54 Ark. 627; 62 Ark. 439. The return must be made by the officer or person having the petitioner in custody under the alleged illegal process. 114 U. S. 564; 6 Martin, 569; Rev. Stat. U. S. §§ 755, 756, 757 and 758; 3 Utah, 50. The release in a habeas corpus case relates only to the particular writ under which the prisoner is held. 9 Peters, 704; 13 Fed. Cas. 450;

140 U. S. 278, 289; 29 Ark. 575; 55 Ark. 633. The federal court had no jurisdiction to issue habeas corpus where the petitioner is not held in violation of the constitution or a law of congress or a treaty of the United States. 18 Fed. 62, 68; 13 West. Jur. 505. Appellant had no right to make an arrest under a "John Doe" warrant, and in so doing was violating the law. 153 U. S. 78; 92 Fed. 881; 4 Dill. 323; 34 Ark. 174.

*Jacob Trieber*, for appellee.

The appearance and filing of pleas by the respondents gave the court all necessary jurisdiction of the parties. 46 Ark. 38; 64 Mo. 205. The judge and court had jurisdiction of this class of cases and of this particular one. Rev. Stat. U. S. §§ 752, 753; 82 Fed. 302; 87 Fed. 453; 173 U. S. 277; 100 U. S. 257; 135 U. S. 1; 117 U. S. 241; 173 U. S. 277. The question of jurisdiction cannot be raised collaterally. 10 Wheat. 192; 152 U. S. 327, 340; 50 Ark. 338; 49 Ark. 397; 88 Tenn. 734; 60 Wis. 349; 64 Mo. 205. The discharge of the prisoner by habeas corpus placed him out of the reach of his bail and discharged it. 38 N. J. Law, 247; 1 Bush, 616; 25 Ark. 315; 91 Ky. 588; 80 Ky. 208; Doug. 45; 1 Overton, 224; 35 Kas. 659; 107 U. S. 601.

*Morris M. Cohn*, for appellants, in reply.

The judge of the district court had no jurisdiction to act outside of the territorial limits of his court. 5 Mason, 35, 40; 3 Wash. C. C. 456; 12 Pet. 300, 328–9. Cf. Rev. Stat. U. S. § 533; 1 G. & T,'s. notes, 223, 224; 2 Ark. 494; 31 N. E. 88; 17 Ohio St. 146. The habeas corpus act of congress limits the jurisdiction of the judge to cases within the jurisdiction of his court. Rev. Stat. U. S. § 752. "Within the jurisdiction," as used therein, means within the territorial jurisdiction. If the judge was without jurisdiction, his rulings were void. 124 U. S. 200, 220. No appeal lies from the decision of a district judge in a habeas corpus proceeding. 160 U. S. 231, 244; 157 U. S. 697; 121 U. S. 87.

*Jacob Trieber*, for appellees, in reply:

In the absence of evidence showing where the writ was issued, the presumption is that it was issued at the proper place. 50 Ark. 338. The objection to the place of issuance of the writ, not having been raised in the court below, was not open to review on direct appeal; much less in a collateral proceeding. 116 U. S. 80, 93; 4 U. S. App. 603. The decision of a court that it has jurisdiction can not be questioned collaterally. 1 Black, Judg. § 274. That the federal judges have the power to issue the writ, and that an appeal lies therefrom, see: 45 Ark. 158; 64 Mo. 205.

BUNN, C. J. This is a suit by the state against the defendant, Nathan Adler, surety on a forfeited bail bond. Adler made defense that while his principal in said bond, one A. M. Schlierholz, was in his custody as such bail, and before the day set for the appearance of Schlierholz, and his trial, by the justice of the peace before whom the charge against him was pending, he, the said Schlierholz, was taken in custody by the United States marshal of the Eastern district of Arkansas, and taken from his (Adler's) custody, under and by virtue of a writ of habeas corpus issued by the Hon. John A. Williams, Judge of the United States district court for the Eastern district of Arkansas, and by virtue of said writ taken to the city of Little Rock before the forfeiture of said bond had been declared, and that for this reason he was unable to produce the body of said Schlierholz before said justice of the peace court, as he had undertaken in said bond to do; that afterwards, on the 3d day of February, 1899, when said habeas corpus proceedings came on for hearing before said United States district judge, appellant therein, the State of Arkansas, appeared before said judge, and filed her response, as did also other parties named in the writ of habeas corpus, and after a hearing by said judge it was by him decided and determined that said Schlierholz was illegally deprived of his liberty by virtue and by reason of said cause pending before said Ashley (J. P.), and he was ordered by said judge to be discharged; that by reason of said proceedings he (Adler) was powerless to produce the body of said Schlierholz at the time said forfeiture was taken.

With the answer was exhibited the petition of Schlierholz for the writ of habeas corpus, and, as exhibits to the same, the affidavit of E. M. Phillips, charging him with the crime of false imprisonment; also a warrant of arrest, issued by N. E. Duffy, J. P. (the first justice of the peace, from whom a change of venue was subsequently taken to Ashley, another justice of the peace in Independence county) ; also, the writ of habeas corpus. The record also contains all proper returns and the proceedings before the Hon. John A. Williams on the hearing of the petition for the writ, and the appearance and responses of the parties summoned therein on his order, among whom is the State of Arkansas, and his findings and judgment on the issues therein made before him.

Such being the evidence before the circuit court, thereupon the appellant requested the court, in writing, to find the facts as follows:

"1.   That Charles A. M. Schlierholz and defendant Nathan Adler executed the bond herein sued on, and there has been a breach of said bond on the part of the defendant; that said bond had been forfeited, and defendant Adler is liable to the State of Arkansas for the penalty thereof.

"2.   That on the 10th day of July, 1898, the defendant Schlierholz procured himself to be taken into the custody of the United States marshal for the Eastern district of Arkansas, and the only authority for such custody at that time was a telegram from Judge John A. Williams, sent from Manitou, Colorado, where said judge then was, which telegram is marked 'Exhibit D' to stenographer's transcript.

"3.   That defendant Nathan Adler never was at any time a party to the habeas corpus proceedings, and there was no notice of such proceedings to any one until July 21, 1898, and after the forefeiture was taken on the bond sued on.

"4.   That at the time said bond was forfeited said defendant Adler was not deprived of the privilege of surrendering him by law, and the obligee in said bond had done nothing to discharge defendant Adler from his obligations, and defendant is liable on said bond.

"5.   The district judge, John A. Williams, had no jurisdiction to discharge defendant, Nathan Adler, from his obliga-

tion on said bond, and, so far as said order seeks to impair such obligation of said Adler, said order is null and void.

"6. That defendant Adler has never surrendered nor attempted to surrender said Schlierholz into custody of any constable, sheriff or jailer in Independence county, nor has he attempted to arrest or retake said Schlierholz for the purpose of making such surrender."

And the court refused to find the facts as contained in any one of said foregoing paragraphs, as requested by appellant, and to each refusal appellant excepted, and duly saved her exceptions of record.

At the request of the appellee, the court found the facts as follows:

"The court finds the facts to be: That defendant executed a bail bond to the State of Arkansas, on the 6th day of July, 1898, in the sum of five hundred dollars, for the appearance of the defendant Schlierholz on July 9, 1898, before N. E. Duffy, a justice of the peace for Independence county, to answer a criminal charge on which said justice had issued a warrant. On July 9th the accused appeared, and on his motion the venue was changed to Justice W. C. Ashley, and the cause set for July 11th. That on July 10, 1898, the said Schlierholz was taken in custody by the United States marshal of the Eastern district of Arkansas, in pursuance of a writ of habeas corpus issued for him and commanding the marshal to take his body, which writ was issued by the Hon. John A. Williams, district judge of the United States for the Eastern district of Arkansas, and while in said custody, on July 11th, a forfeiture was entered by the justice before whom the cause was set for a hearing. That in the habeas corpus proceedings before said United States judge the state entered its appearance and filed its reponse, as did also the justice and the sheriff; that the question of jurisdiction of the said United States judge to issue said writ of habeas corpus was raised, and by the judge decided that he had jurisdiction, and upon the hearing made an order discharging said Schlierholz from the custody of his bail, the defendant Adler, and declared said arrest and proceedings in which

the bond sued on was given void. Thereafter this suit was instituted. The court further finds that said United States judge had jurisdiction of the person of Schlierholz, and that the State of Arkansas and its officers had duly entered their appearance before him and contested said habeas corpus proceedings; that the judgment of said United States judge in said case has never been appealed, set aside nor in any manner vacated, but is in full force; that the writ of habeas corpus was issued by the United States judge while said judge was in the State of Colorado, and by him forwarded to the United States marshal at Little Rock."

And to that part of the court's findings of facts, to-wit: "That on July 10, 1898, the said Schlierholz was taken in custody by the United States marshal of the Eastern district of Arkansas, in pursuance of a writ of habeas corpus issued for him, and commanding the marshal to take his body, which writ was issued by the Hon. John A. Williams, district judge of the United States, for the Eastern district of Arkansas, and while in such custody, on July 11th, a forfeiture was entered by the justice before whom the cause was set for hearing;" and also to the finding of the court, to-wit: "Upon the hearing he made an order discharging said Schlierholz from the custody of his bail, the defendant Adler, and declared said arrest and proceedings in which said bond sued on was given void;" and also to the finding, to-wit: "That said United States judge had jurisdiction of the person of said Schlierholz, and that the State of Arkansas and its officers had duly entered their appearance before him, and contested said habeas corpus proceedings; that the judgment of said United States judge in said cause has never been appealed, set aside or in any manner vacated, but is in full force"—to each and every of said findings, separately, the appellant duly excepted.

Thereupon appellant requested the court to make the following declarations of law:

"1. When the defendant Nathan Adler executed the bond sued on, he assumed all risks of Schlierholz's voluntary noncompliance with the terms and conditions thereof, and although Schlierholz may have been in lawful custody of another at the

time the forfeiture was declared, such custody being voluntary on the part of Schlierholz, and the obligee, State of Arkansas, not having taken him from the custody of said Adler, and having done nothing herself to impair the obligation, defendant is liable.

"2. The defendant Adler not having been a party to the habeas corpus proceedings, and not having shown to the said district judge, the Hon. John A. Williams, by return or response, the authority by which he was in his constructive custody, and having made no effort to retain said Schlierholz in his custody, or to have him remanded to his custody, that he might comply with the conditions and terms of his said bond, he is liable.

"3. The said district judge, the Hon. John A. Williams, having heard said habeas corpus proceedings and having made said order at his chambers, the transcript of said order and proceedings is not the record of any court, and said proceedings cannot affect the liability of defendent on the bond in this action.

"4. The said district judge of the United States, at his chambers, did not have jurisdiction to discharge said Schlierholz from the custody of his bail, nor to declare the said arrest and proceedings under which said bond was given void.

"5. The defendant Adler, having signed and executed the bond in this case, is estopped from claiming as a defense thereto that the arrest and proceedings under which said bond was given are void, and estopped from pleading any order of the United States district judge to such effect.

"6. The said defendant Adler having executed the bond sued on, and failing to appear in the justice of the peace court of W. C. Ashley, to whom said Schlierholz had, on his motion, taken a change of venue on the day set for trial of said cause and judgment of forfeiture having been taken on said bond by a court of competent jurisdiction on the failure of the said Schlierholz to appear, and defendant Adler at that time failing to show any cause why he could not produce the body of said Schlierholz, said defendant is now thereby estopped from set-

ting up any inability on his part to comply with said obligation.

"7.   On the whole case the law is in favor of the plaintiff, who should recover the penalty of the bond in this action."

The court refused to make each of the respective declarations of law above asked, and appellant duly excepted severally to each refusal.

At the request of appellee Adler, the court made the following declarations of law, to-wit:

"1.   A bail may be released from his liability by act of the law, and when the accused is taken from his bail by a writ of habeas corpus issued by a court or judge, which has jurisdiction to issue such writ, and upon a hearing before such court or judge, to which the obligee makes itself a party by entering appearance and filing response, and judgment of discharge is rendered, it will release the bail from producing the principal.

"2.   When a person who is an officer of the United States is charged in the state court with an offense which he claims was done by him in discharge of his duty as such an officer, and in pursuance of the rules and regulations prescribed by the chief of his department in pursuance of the laws of the United States, a court or judge of the United States has jurisdiction to inquire into the legality of his imprisonment or detention by state process, and the findings of such court or judge cannot be attacked in a collateral proceeding.

"3.   Upon such a discharge the bail has not the right to re-arrest and surrender the principal, and whenever the judgment of the court of competent jurisdiction deprives the bail of the right to surrender him, he is discharged from liability by act of the law."

To the giving of each of the foregoing declarations of law appellant objected, and severally saved her exceptions thereto. Thereupon the court gave judgment in favor of appellee, to which appellant at the time duly excepted. In due time appellant filed her motion for a new trial, assigning as grounds therein matters hereinbefore mentioned, to which objections were made and exceptions saved by her, which said motion for a new trial was by the court overruled,

and exceptions duly saved by appellant.   An appeal was prayed
by appellant to this court, which was duly granted, and at the
same term of said court appellant duly filed her bill of excep-
tions, containing all the evidence offered or introduced, and
making of record all the proceedings hereinbefore referred to.

The findings of fact by the court below will not be dis-
turbed; and our inquiry is as to the declarations of law.   The
proposition that if one held to bail is discharged on petition
and writ of habeas corpus by a tribunal of competent jurisdic-
tion, this will also discharge the bail, as set forth in the
court's first declaration of law, is well settled.   *Belding* v.
*State*, 25 Ark. 315; *Smith* v. *Commonwealth*, 91 Ky. 588; *Davis*
v. *South Carolina*, 107 S. C. 597; Revised Statutes U. S. §
766.

The second declaration of law by the trial court involves
the real substance of the jurisdiction of the federal courts in
cases like this one.   The Supreme Court of the United States in *Re*
*Neagle*, 135 U. S. 1, in construing section 753, Revised Statutes, al-
though regarded as having gone to the very verge of legal construc-
tion, as to one feature of the case, yet, in the main, expressed the
generally accepted doctrine that a federal officer is protected
while in the discharge of the duties imposed upon him by law.
The general principle is doubtless the correct one, as reasoned
in the case of *Davis* v. *Tennessee*, 100 U. S. 257, where it is
also held that where a civil suit or criminal prosecution has
been commenced in the state courts against an officer of the
United States for acts done in the discharge of his official
duties, the cause may be removed to the proper federal court at
once, and it is held in *Ex parte Royall*, 117 U. S. 241, and many
other cases, that the writ of *habeas corpus* furnishes a proper
remedy in cases of criminal prosecution, the federal courts
having a sound discretion to exercise the jurisdiction before
or after trial of the petitioner in the state courts.   This
is approved in *Ohio* v. *Thomas*, 173 U. S. 276.   Section 752,
Revised Statutes of the United States, confers jurisdiction upon
the justices and judges of the United States courts, as well as
upon the courts themselves, to hear and determine petitions for
writs of habeas corpus, and section 763 of the same chapter

provides that appeals may be taken from their decisions to the circuit court of the district. The cases touching this point have greatly multiplied in recent years, but it is unnecessary to make further citations. In the case at bar, the federal judge who heard and determined the issues made by the petition and responses thereto in the habeas corpus proceedings found that Schlierholz was acting in the discharge of his duty as an officer of the general land office of the United States when he committed the offense charged against him in the state courts, if at all. He had therefore substantive jurisdiction of the cause.

The principal stress is put upon the manner of procedure. For instance, it is objected, first, that Schlierholz arrested Phillips, his prosecutor in the state court, afterwards, for false imprisonment, on what is known as a "John Doe warrant" (that is to say, a warrant issued against a fictitious person), and that therefore his arrest of Phillips by virtue of said warrant was unwarranted in law. It is not claimed that Phillips was the wrong man, but only that he was not named in the warrant of the United States Commissioner. It is claimed, however, that the federal grand jury ignored the presentment against Phillips, and thus inferentially, it may be argued, that he was not guilty of the charge named in the warrant. But this action of the grand jury is explained. This, after all, is not a matter for our inquiry. Whether Schlierholz was guilty of a crime or not in arresting Phillips, makes no difference. The only question in that connection is as to the irregularity of the warrant.

Another similar question is presented as to the place where the writ of habeas corpus was issued by the federal judge—a place without the limits of his territorial jurisdiction. These writs had served their purpose. In the case of the warrant Phillips had been, at least constructively or informally, arrested, and his case presented to the grand jury, and the matter against him compromised and settled by permission of the court, as we understand from the record. In the matter of the writ of habeas corpus, it served its purpose; all parties named therein appearing as therein directed, and the trial had and

judgment rendered. If there were errors, they might have been corrected on appeal, but no appeal was taken.

Another question presented in the record is, whether or not the "constructive" custody of Adler of the person of Schlierholz at the time of the issuance of the writ of habeas corpus by the federal judge. This question was also directly addressed to the district judge, and, if he committed any error in relation thereto, it was proper to have the same corrected on appeal, and this course was open to all the parties before him in that proceeding. We see no error in the court's second declaration of law.

The appellee, as the bail of Schlierholz, after the latter's arrest and discharge, was certainly prohibited from re-arresting him under or by virtue of his relation as his bail; for the discharge of the principal, as we have seen, if lawful, would also work a discharge of the obligations of the bond; and, of course, its rights and privileges passed with the corresponding obligations of the bond. Besides, this seems to be settled by the provisions of section 766 of the Revised Statutes of the United States. This disposes of the question arising upon the making the third declaration of law.

It appears to us that all the questions presented for our consideration were before the federal judge,—at least all the questions affecting his own jurisdiction and powers. His determination of the same were judicial determinations, from which appeals might have been taken. His judgments could not therefore have been treated as nullities—could not be attacked collaterally. This was the view the learned circuit judge took of the case, and in this he was right. The judgment is therefore affirmed.