CASE 3—BAIL BONDS—JAN. 6.

# Medlin, &c. v. Commonwealth.

APPEAL FROM NICHOLAS CIRCUIT COURT.

SURETIES IN A BAIL BOND ARE DISCHARGED by the re-arrest of the accused and his commitment to jail, from which he made his escape, during the pendency of a second examining trial for the same ·offense.

Whether the second arrest and trial were illegal is not decided.

Whether illegal or not, the officers of the commonwealth had the power to make the second arrest and have the second examining trial, and the bail were compelled to submit, and were deprived of their power and control over the accused.

ROSS & KENNEDY,  . . . . . . . . .  For Appellants,

CITED

14 B. Mon. 291, Commonwealth v. Bronson.

1 Bush, 59, Commonwealth v. Branch.

THOS. E. MOSS, Attorney General, ⎫
A. E. COLE, . . . . . . . . . ⎬  . . .  For Appellee,
CITED

Criminal Code, secs. 81, 96, 97.

1 Bush, 113, Kirby v. Commonwealth.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Allen King was in custody charged with the crime of murder, and was by an examining court admitted to bail in the sum of $400, and the appellants, Medlin and others, became his bondsmen. The bail-bond was forfeited, and upon a proceeding to enforce the forfeiture the bondsmen answered and stated substantially that after the execution of the bond, and after King had been discharged from custody, a second warrant was taken out against him for the same offense; that he was again arrested and brought before a second examining court in order that the charge might be again inquired into; that pending this examination, and during a postponement had to enable King to procure the attendance of witnesses, he was committed to jail, and that he escaped therefrom and fled the commonwealth.

This answer was deemed insufficient, and judgment was rendered against the bondsmen, and they have appealed to this court.

The effect of the second arrest and the commitment to jail of the accused was to take from the appellants the right and power to exercise that supervision and control over his actions and movements that they were entitled by law to have and exercise. It is not necessary to inquire whether the second arrest was or not authorized by law. It is sufficient that the commonwealth, through its judicial and ministerial officers, disregarded the rights secured to King and his sureties by the execution of the bail-bond, and that it undertook to hold the accused in custody. Failing in this undertaking, it seems to us clear that it can not now hold appellants responsible for that failure.

It may be that the action of the officers in re-arresting King, and of the examining court in committing him to jail instead of surrendering him to the custody of his bondsmen, was improvident. But even if it was illegal, as these officers and that

tribunal had the power to do these acts, the illegal exercise of their power does not render the acts void. The bail were compelled to submit to the proceedings and the decision of the second examining court, and as they were thereby deprived of the custody of the accused they must be considered as having been discharged from the obligations of their bond. (Commonwealth v. Bronson, 14 B. Monroe, 291.)

Judgment reversed and· cause remanded, with instructions to overrule the demurrer to the answer of appellants as amended, and for further proper proceedings.