CASE 39—BAIL BOND—APRIL 1, 1882.

# Commonwealth v. Overby.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. In all bail bonds there is an implied obligation on the part of the Commonwealth that the bail shall not be hindered by any authority within the limits of the state from surrendering his principal at any time before forfeiture.
2. And the further undertaking that the Commonwealth, through her peace officers, will arrest the principal, if within the state, when the bail shall desire it to be done.
3. If this is not done when the surety makes the effort, under the statute he is released.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The Commonwealth had jurisdiction of the offense, and having assumed the power to try the defendant for counterfeiting, she cannot afterwards be divested of it by the United States authorities assuming jurisdiction of the same offense. (Commonwealth v. House, 13 Bush, 679.)

FELAND & SEBREE AND G. R. CHAMPLIN FOR APPELLEE.

1. At the time the bail bond was forfeited the principal, John H. Overby, had been arrested by the United States authorities, and was in their custody upon the identical charge made against him by the Commonwealth.
2. Inasmuch as appellee was prevented from surrendering his principal, his obligation ceased. (Commonwealth v. Terry, 2 Duv., 383; Same v. Webster, 1 Bush, 616; Kirby v. Commonwealth, 1 Ib., 114; Rev. Stat. U. S., 2d ed., chap. 12, sec. 711; art. 6, Constitution U. S.; 5 Howard, 447; 14 Ib., 21.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

On the 19th of November, 1880, appellee executed a bail bond for the appearance of John H. Overby in the Christian circuit court at its ensuing February term to answer the charge of passing a counterfeit United States treasury note; but the defendant having failed to appear, the bond was forfeited, and summons issued against appellee.

. In his response he alleged the following facts which are: conceded : That on the day following the execution of the bail bond, Overby was arrested by an officer of the United States, and carried before a United States commissioner, and by him held to appear and answer at the next term thereafter of the United States circuit court held in the city of Louisville, the same charge for which he had been required to appear and answer in the State court; that failing to give bail, he was committed to the jail of Jefferson county, where he remained until February, 1881, when he was indicted, tried, and convicted in the United States court for the offense, and sentenced to confinement in the penitentiary of the State of New York for the term of five years.

The court below having overruled the demurrer to the response, and dismissed the proceeding against appellee, the Commonwealth prosecutes this appeal.

By the terms of the bail bond in such cases, the bail undertakes that the defendant shall appear in court at the time and place designated, to answer the charge upon which he is in custody, and at all times render himself amenable to the orders and process of the court in the prosecution of the charge; or, if he fail to perform either of these conditions, that the bail will pay to the Commonwealth the sum at which the penalty is fixed.

But it is expressly provided by law that the bail may, at any time before the forfeiture of the bond, surrender the defendant to the jailer of the county in which the prosecution is pending, and be thereupon exonerated; and, for the purpose of surrendering him, the bail at any time before judgment against him, and at any place within the State,

may arrest the defendant; or, by an indorsement upon a certified copy of the bail bond, may direct the arrest to be made by any peace officer of the State, or by any other person over twenty-one years of age, designated in the indorsement; and it is also provided that if, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond.

There is, therefore, in the bail bond an implied undertaking on the part of the Commonwealth that the bail shall not be hindered or prevented by herself, or by any other authority within the limits of the State, in surrendering the defendant before the forfeiture of the bond, and the further undertaking that the Commonwealth has the power through her peace officers to arrest the defendant if within the State, and will so arrest him at any time before judgment against the bail, when he shall so direct.

It has accordingly been held by this court that when the Commonwealth, by her own act, prevents the appearance of the defendant in discharge of the bail bond or recognizance, she should not enforce the penalty against the bail for non-compliance. (Alquin v. Commonwealth, 3 B. M., 349; Kirby v. Commonwealth, 1 Bush, 114.)

Although in this case the bail was not deprived of his right to surrender the defendant, and thus to become exonerated by the Commonwealth, he was effectually prevented exercising that right, as was the defendant prevented appearing in discharge of the bail bond by the United States Government; and, in our opinion, it does not make any difference whether the non-appearance of the defendant in compliance with the bail bond be caused by the Commonwealth or by the United States Government; for the author-

Commonwealth v. Overby.

·ity of neither can be resisted by the bail or by the defendant, .and in both cases the bail is deprived of the aid and protection of the Commonwealth, to which, under the contract, he .is entitled.

Upon principle, as well as according to the weight of authority in this state, the facts set forth in the response ·by appellee constitute a sufficient defense to the proceeding against him, and the demurrer was properly overruled.

In the case of the Commonwealth v. Terry, 2 Duvall, 383, it was held by this court that, in a proceeding against the surety upon a forfeited recognizance, it was a sufficient defense that the defendant, being a soldier in the Federal army, was refused a furlough, and, by reason thereof, was unable to ·appear in discharge of the recognizance; and in the case of the Commonwealth v. Webster, &c., 1 Bush, 616, it was held that the defendant, having been arrested by a provost marshal and taken from the county where the prosecution ·against him was pending, the bail should not be made liable upon the bail bond, because he was, by the United States officer, deprived of the power to surrender the defendant.

But the case of the Commonwealth v. House, 13 Bush, 680, though the facts are not fully set forth, appears to be somewhat in conflict with the two just referred to. In that case it is conceded that if the Commonwealth, before the time stipulated for his appearance, arrests the principal and detains him at another place, so that he cannot appear at the time and place mentioned in the bail bond, the bail is exonerated; but it is intimated that the bail would not be exonerated when the principal is arrested and detained by the United States Government.

Perceiving no reason why the bail should be exonerated in ·the one case and not in the other, we must adhere to the

doctrine announced in the two cases in 2 Duvall and 1 Bush,. *supra*, and overrule the case in 13 Bush, *supra*, so far as it is inconsistent with this opinion.

But there is another ground upon which the bail in this. case should be exonerated.

The object of a bail bond or recognizance is to secure the appearance of the defendant in the court having jurisdiction, that he may answer the charge against him, and, if convicted, render himself in execution thereof.

Manifestly, the defendant in this case could not have been tried and convicted, even if present, in the Christian circuit court, after having been tried and convicted of the same offense in the United States circuit court. For, though tried by the United States court, still it was the same offense for which he was held to answer in the State court, denounced alike by the laws of the United States and of this State.

The judgment is affirmed.