SILVERS, PLAINTIFF IN ERROR, v. THE STATE, DEFEND-
ANT IN ERROR.

The cessation of the criminal proceeding in a certain form, leaving a poten-
tiality of its further prosecution in a different method, does not, *ipso
facto*, discharge a defendant from the obligation of his recognizance.

On error to the Hudson Circuit Court on forfeited recog-
nizance.

A defendant in a criminal proceeding being charged on
an indictment pleaded not guilty, and the plaintiff in error
entered with him into a recognizance in the usual form for
his appearance, &c.

This suit was brought on this recognizance, the alleged
breach being the non-appearance of the defendant.

At the trial the minutes of the criminal court were pro-
duced, and upon them these three entries, relative to this case,
appeared, to wit:

" Oct. 23, '94. On motion of the prosecutor, C. H. W., a
*nolle prosequi* is entered in this case.

" Nov. 7, '94. The above *nolle prosequi* is erased by order
of the court.

" Jany. 7, '95. The above bail is declared forfeited by the
court, on motion of the assistant prosecutor, J. N. N., the
defendant failing to appear for trial."

In the present action on the recognizance, the trial court
ordered a judgment in favor of the state.

The case is before this court on writ of error.

For the plaintiff in error, *Randolph, Condict & Black.*

A criminal prosecution may be said to have been terminated
(1) where there is a verdict of not guilty; (2) where the grand
jury ignore a bill; (3) where a *nolle prosequi* is entered, and
(4) where the accused has been discharged from bail or im-
prisonment. *Lowe* v. *Wartman,* 18 *Vroom* 414.

A *nolle prosequi* cannot be distinguished from that of a discontinuance.    *Cooper* v. *Tiflin,* 3 *T. R.* 51 ; *State* v. *Main,* 31 *Conn.* 575 ; 5 *Crim. L. Mag., January,* 1883.

This precise point was raised in the case of *State* v. *Langton,* 6 *La. Ann.* 282.

In that case the statute authorized judgment on recognizance or bond on the second day of the term, or any other day thereafter, " which judgment at any time, &c., may be set aside upon the appearance, trial and acquittal or conviction of the party accused," indictment for assault and battery *nolle prosequi* entered.

The case of *Steelman* v. *Mattix,* 9 *Vroom* 248, is often cited to this point, but it does not decide the point.

It will be observed that this is not a case which involves the point whether the prosecutor has the power, without the sanction of the court, to enter a *nolle prosequi.*    The two cases in New Jersey seem to hold that he has no such power. *Apgar* v. *Woolston,* 14 *Vroom* 65 ; *State* v. *Hickley,* 16 *Id.* 154 ; 5 *Crim. L. Mag.* 1, *January,* 1884.

In this case there is no contention about the prosecutor's power, and the record shows that the *nolle prosequi* was entered by order of the court on motion of the prosecutor, and then, without notice or formal proceeding of any kind, ordered such entry to be erased, and that without notice to the prosecutor.

For the defendant in error, *Charles H. Winfield,* prosecutor of the pleas.

The irresistible current of authority, as I understand it, in this country is, if a *nolle prosequi* is filed, it puts an end to that particular indictment, and it cannot be revived.    In the language of an old case, " the king cannot afterwards proceed in the same suit, but he may begin anew."

If the indictment cannot be proceeded on, I do not know where the authority to forfeit the recognizance or take action on such forfeiture is to come from.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This writ of error rests upon the assumption that when, in the criminal court, an order was entered in the minutes that put an end to the then pending prosecution, that thereby the obligation of the recognizor was conclusively discharged.    In the brief of counsel, the problem is thus formulated : " The entry of a *nolle prosequi* by the order of the court, on motion of the prosecutor, is a discharge of the bail."

But this court is of opinion that this contention is a manifest fallacy.    In order to sustain the proposition, it would be necessary to suppress an important and clearly-expressed stipulation in the recognizance itself.    As appears from the pleading in the case, this instrument now in question is in the proper and customary form, and imposes a twofold objection—that is to say, that the defendant in the indictment will first appear and stand to and abide " the order and judgment of the court in the premises, and in the second place, will not depart the said court without leave."    In the present instance, this latter stipulation was admittedly violated, as there is no pretence that the withdrawal of the defendant from the court had been judicially sanctioned.

And it is also to be noted that this engagement that the defendant will not depart the court without leave is not merely ancillary to the promise that he will abide the judgment of the court, but it is an additional and independent term of the contract.    In its absence, our criminal procedure would be radically imperfect.    It is intended to provide, and does provide, for the occasion when a particular form of prosecution may be terminated, but when, in another mode, the prosecution is to be continued.    In the case before the court, a *nolle prosequi* was entered, the effect of which was, if it remained in force, to vacate and annul the then existing indictment, but it did not conclude the prosecution for the offence, for another indictment could have been found.    And if, in that condition of things, the prosecutor had stated to the court that the state intended to present the matter to the next

grand jury, it is obvious that the court, if applied to, would not have ordered an exoneration to have been entered on the bail-piece.   The importance, therefore, of the requisition that the defendant in the prosecution cannot be discharged until he has obtained formal judicial consent to such result, is plainly apparent.   In the present instance, there is much reason to believe that if the motion had been made to discharge the prisoner on the ground that a *nolle prosequi* had occurred, such motion would have been rejected, inasmuch as the rule for judgment on the abandonment of the existing procedure was ordered to be erased from the minutes, the implication being that the entry had been made by mistake or without authority.   If this were a case in which a judgment putting an end absolutely to the prosecution for the offence, such as would ensue in a verdict of acquittal or conviction, an entirely different question from that we are now considering would have been presented, for, in view of such a final determination, the stipulation not to depart from the court without leave would have been bereft of all substantial force.   What the effect of such a course of law would be it is not necessary to consider.   All that the court at present decides is that the cessation of the criminal proceeding in a certain form, leaving a potentiality of its further prosecution in a different method, does not, *ipso facto*, discharge the defendant from the obligation of his recognizance.

As it appears from the record before us that the defendant did depart the court without leave, the recognizance was thereby forfeited, and the judgment should therefore be affirmed.

*\*For affirmance*—The Chancellor, Depue, Gummere, Magie, Van Syckel, Bogert, Krueger, Nixon.   8.

*For reversal*—Garrison, Barkalow, Dayton, Hendrickson.   4.

---

\* Chief Justice Beasley was prevented by sickness from being present when this cause was disposed of.