### Commonwealth of Kentucky v. Skaggs, et al

(Decided February 18, 1913.)

Appeal from Edmonson Circuit Court.

Principal and Surety—When Surety in Bail Bond on Examining Trial Not Responsible.—The surety in a bail-bond executed on an examining trial, is not responsible, where the accused appeared in the circuit court and after he was indicted was re-arrested under an order of the circuit court, and being placed in the custody of the jailer escaped.

JOHN H. GILLIAM, JAMES GARNETT, Attorney General, and CHAS H. MORRIS, Asst. Atty. Gen., for appellant.

M. M. LOGAN, and ORA E. HAZELIP, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming:

At an examining court regularly held in Edmonson county on September 4, 1911, Alonzo Skaggs was held over to answer in the circuit court the charge of carnally knowing a female under the age of sixteen years; and being admitted to bail in the sum of $1,000, executed bond with William Sanders as his surety for his appearance in the Edmonson circuit court on the first day of the November term, 1911, to answer the charge. At the November term the grand jury returned an indictment against him. On the return of the indictment into court, on motion of the Commonwealth Attorney, it was ordered that a bench warrant issue on the indictment allowing the defendant to give bond in the sum of $1,500. The bench warrant was immediately issued, and placed in the hands of the sheriff, who thereupon arrested Skaggs, who was then in the court room, and brought him before the court which was then in session, and delivered him to the court, the return of the sheriff on the bench warrant being in these words:

"Executed by arresting Alonzo Skaggs and delivering him to the court this November 20, 1911."

When Skaggs was delivered to the court by the sheriff the court asked him if he was ready for trial. He replied that he was not ready. The court then said to him, "your bond has been fixed at $1,500, are you ready to give it?" He answered that he did not know whether he could give the bond on that day or not. The Commonwealth Attorney then asked to have the case set for trial at some day at that term. The court asked Skaggs if he was ready for trial at that term. He answered that he was not ready. The court then said: "I will set this case down for Thursday; see if you cannot get ready by that time. If you cannot give bond you will have to go to jail. Stand back there for the present." Two or three minutes later the court placed Skaggs in charge of the jailer, and the latter immediately took charge of Skaggs and took him from the court room, starting with him to the jail, which was about 200 yards distant from the court house. When he and Skaggs were entering the yard gate of the jail, Skaggs fled from him and made his escape. The case was called on the following Thursday, Skaggs did not appear, and thereupon an order was made forfeiting the bail bond which Skaggs had executed in the examining court. A summons was issued against Sanders, summoning him to show cause why judgment

should not be entered against him on the bond. In response to the summons he filed an answer, pleading the facts above stated. The circuit court held the response good, and dismissed the proceeding. The Commonwealth appeals.

In Medlin v. Comm., 11 Bush, 605, the defendant was admitted to bail by an examining court. After the execution of his bond a second warrant was issued against him for the same offense and he was brought before a second examining court, and escaped. A proceeding was then instituted on the bond, which he had given on the first examining trial, and it was held that the sureties were not liable. The court said:

"The effect of the second arrest and the commitment to jail of the accused was to take from the appellants the right and power to exercise that supervision and control over his actions and movements that they were entitled by law to have and exercise. It is not necessary to inquire whether the second arrest was or not authorized by law. It is sufficient that the Commonwealth, through its judicial and ministerial officers, disregarded the rights secured to King and his sureties by the execution of the bail-bond, and that it undertook to hold the accused in custody. Failing in this undertaking, it seems to us clear that it cannot now hold appellants responsible for that failure."

Following the rule laid down in this case in Com. v. Overby, 80 Ky., 208, the court again said:

"There is, therefore, in the bail-bond an implied undertaking on the part of the Commonwealth that the bail shall not be hindered or prevented by herself, or by any other authority within the limits of the State, in surrendering the defendant before the forfeiture of the bond, and the further undertaking that the Commonwealth has the power through her peace officers to arrest the defendant if within the State, and will so arrest him at any time before judgment against the bail when he shall so direct.

"It has accordingly been held by this court that when the Commonwealth, by her own act, prevents the appearance of the defendant in discharge of the bail-bond or recognizance, she should not enforce the penalty against the bail for non-compliance."

These cases were followed and approved in Smith v.

Com., 91 Ky., 588; Com. v. Fleming, 15 R., 491; Wood v. Com., 17 R., 1076.

In the case at bar the court took possession of the defendant and took him out of the custody of his bail, committing him to the custody of the jailer, and while in the custody of the jailer and beyond the control of his bail, he escaped. The Commonwealth, by her own act, took charge of the defendant, and having so taken charge of him and taken him from the custody of his bail, the bail was discharged.

Judgment affirmed.