SUNTA EMANUEL, PLAINTIFF-APPELLANT, v. GEORGE A. McNEIL, DEFENDANT-RESPONDENT.

Submitted March 22, 1915—Decided June 14, 1915.

1. The Practice act, section 69, provides that the recognizance which may be given by a defendant arrested on a *capias ad respondendum* shall be to the *effect* and not literally in the form therein set out, and section 77 provides, independently, that subsequent to the return of the *capias ad respondendum*, either before or after judgment, the defendant may render himself or be rendered in discharge of bail. *Held*, that a recognizance given in the form set out in section 69, with the exception of omitting the last alternative in the condition contained in the statutory form, viz., "or render him (defendant) into the custody of the sheriff," does not make the recognizance void.

2. Our statute does not enact that a recognizance of bail given in a form varying from that set out shall be void; and we have no statute or rule which operates to nullify the recognizance sued on by the parties to this cause.

3. The record in this cause being silent as to any coercion or duress, and the bond sued on not being prohibited by statute, and not being contrary to public policy, but, being founded upon a good and sufficient consideration and intended to subserve a lawful purpose, is, between the parties, good as a voluntary bond.

4. The surety on a bond of the character, and given under the circumstances, above mentioned, is estopped from objecting to its validity.

On appeal from the Supreme Court.

For the appellant, *Charles P. Brewer*.

For the respondent, *Joseph A. Corio*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. There was an action in the Supreme Court brought by the appellant, Sunta Emanuel, against Irving F. McConnell, in which the defendant was arrested on a *capias ad respondendum* and released on bail. Judgment passed against defendant, and, failing to pay the damages and

costs awarded against him, a *capias ad satisfaciendum* was issued and returned *non est inventus.*

The present suit was thereupon brought against the respondent, George A. McNeil, who was surety on the bond or recognizance given by defendant to the plaintiff under the statute. The case was submitted to the trial court without a jury, and the judge found for the defendant and against the plaintiff because, as he observed, "the condition of the bond or recognizance of bail in the suit is more burdensome than that set forth in the statute, thereby rendering the bond void." Whereupon judgment was entered that the complaint be dismissed and that the defendant recover costs of the plaintiff. To review this judgment the present appeal is brought.

To sustain the position taken by the trial judge the respondent contends that when a defendant is arrested on a *capias ad respondendum,* he shall be released from custody only upon entering into a recognizance in the precise form of bond set out in section 69 of the Practice act (*Comp. Stat., p.* 4072), the condition of which concludes "that if the defendant C. D. shall be condemned in this action at the suit of A. B., the plaintiff, he shall pay the costs and condemnation of the court, or render himself into the custody of the sheriff of said county for the same, or if he fail so to do, that the said E. F. and G. H. will pay the cost and condemnation for him or render him into the custody of the sheriff of the said county."

Appellant truly states that formerly the recognizance omitted the last-recited condition, namely, "or render him into the custody of the sheriff of the said county" (*Gen. Stat., p.* 2546, § 75), and that the legislature in revising the Practice act, in 1903, added the last-quoted clause to the form of recognizance. It is obvious, therefore, that the bond sued upon was drawn from the older form, and the draftsman doubtless overlooked the Revised Practice act of 1903, or he probably would have drawn the bond in the form therein set out.

Appellant contends that under the statute, as it now stands, the surety had the same protection as his principal; that both

have the choice of two alternatives, either surrender or pay-ment, and adds that if either alternative is denied, it is ob-vious that a substantial statutory right has been taken away, and argues that when there is a substantial variance from the statute in a statutory bond, and especially if the variance renders the bond more burdensome than one in statutory form would be, it is void. All this may be conceded, and yet it must be held that the recognizance under examination was not void, and that the trial judge erred in holding that it was "more burdensome than that set forth in the statute."

Even if it be more burdensome *in form* than set forth, it is not more burdensome than *the statute* itself makes the surety's obligation.

It is to be observed that the statute does not provide that the recognizance shall be in the *form,* but to the *effect* therein set forth. Therefore, it need not conform literally, but only substantially, to the form set out.

As shown, the last alternative in the form of condition con-tained in the statute, viz., "or render him into the custody of the sheriff," is omitted from the bond, and, if the surety's only right to surrender his principal resided in the absent condi-tion, then it may well be that the bond would be void because of a substantial variance which deprived him of an efficacious defence. But it is provided, in section 77 of the Practice act of 1903, that subsequent to the return of the *capias ad respon-dendum,* either before or after judgment, the defendant may render himself or be rendered in discharge of bail, provided such render be made within twenty days after the return day of the *scire facias* or of the process in an action on the recog-nizance of bail and not after.

The statutory provisions of the Practice act above men-tioned are both under the heading: "VII. Bail;" and section 69 requiring the recognizance to be to the effect therein set out, is under the subdivision: "2. Bail. How Given," while section 77 is under the subdivision: "4. Render In Dis-charge." It thus appears that sections 69 and 77 are disso-ciated the one from the other, and are entirely independent provisions. Surely, then, failure to insert in the recognizance

of bail the alternative condition, which was omitted, cannot operate to nullify the provision contained in section 77, which enables a defendant to render himself, or his surety to render him, in discharge of bail. Therefore, the respondent was not deprived of his right to render his principal in discharge of bail, notwithstanding the omission of the condition to that effect in the bond; and, consequently, the recognizance was not, in fact, more burdensome than that set forth in the statute.

The condition invoked, namely, that if the defendant Mc-Connell should be condemned in the action he should pay the costs and condemnation or render himself into the custody of the sheriff, or, upon failure so to do, the surety, McNeil, would pay the costs and condemnation for him, is present in the recognizance sued on, and a breach of this condition was found by the court.

In the early English case of *Milward* v. *Clerk,* 1 *Cro. Eliz.* 190; 78 *Eng. Rep.* (*reprint*) 446, the defendant was arrested upon process, and, in consideration that he should be permitted to go at large and appear at the return day or give the plaintiff ten pounds, the obligation was held a good *assumpsit,* being made to the party who had authority to dispense with defendant's appearance; but that if the promise had been made to the sheriff, it would have been against the statute of 23 *Hen. VI., c.* 10. And, in the later English case of *Hall* v. *Carter,* 2 *Mod.* 304; 86 *Eng. Rep.* (*reprint*) 1087, it was held that if a defendant be taken on a *capias,* and a third person gives the plaintiff a bond that the defendant shall pay the money or render himself at the return of the writ, it is a good bond and not within the statute (23 *Hen. VI., c.* 10), because it is not by the direction of the officer, but by the agreement of the plaintiff; and that there is no law that makes the agreement of the parties void.

I have looked at the statute of Henry VI. and find that it is chapter 9 instead of chapter 10 as mentioned in the reported cases. So much of it as is pertinent reads as follows:

"And that the said Sheriffs, and all other Officers and Ministers aforesaid, shall let out of Prison all Manner of Persons

by them or any of them arrested, or being in their Custody, by force of any Writ, Bill, or Warrant in any Action Personal, or by Cause of Indictment of Trespass, upon reasonable Sureties of sufficient Persons, having sufficient within the Counties where such Persons be so let to Bail or Mainprise, to keep their Days in such Place as the said Writs, Bills, or Warrants shall require. * * * And that no Sheriff, nor any of the Officers or Ministers aforesaid, shall take or cause to be taken, or make, any Obligation for any Cause aforesaid, or by Colour of their Office, but only to themselves, of any Person, nor by any Person which shall be in their Ward by the Course of the Law, but by the Name of their Office, and upon Condition written, that the said Prisoners shall appear at the Day contained in the said Writ, Bill or Warrant, and in such Places as the said Writs, Bills, or Warrants shall require. And if any of the said Sheriffs, or other Officers or Ministers aforesaid, take any Obligation in other Form by Colour of their Offices, that it shall be void."

This statute, it is to be observed, by its very terms, makes void a bond given contrary to the form of condition prescribed by it. But our statute does not enact that a bond given in a form varying from that set out shall be void, and, therefore, the recognizance in suit is good as a voluntary bond, and enforceable as such. It is the settled law of this state that a bond will be sustained as voluntary, although its form varies from that prescribed by statute, provided it is not otherwise unlawful. See *Ordinary* v. *Cooley,* 30 *N. J. L.* 179; *Ordinary* v. *Heishon,* 42 *Id.* 15; *State* v. *Such,* 53 *Id.* 351; *Ditzel* v. *Block,* 79 *Id.* 261.

In *United States* v. *Hodson,* 77 *U. S.* 375; 19 *L. Ed.* 937, a distiller was sued on a bond given to an officer of the federal government under the provisions in the Internal Revenue act, and the court held—

"A bond not conditioned in the precise language of the statute, yet if it be voluntary, and not prohibited by the statute, nor contrary to public policy, and founded upon a sufficient consideration, is valid."

The record in this case being silent as to any coercion or duress, the recognizance is, like the bond in the Hodson case, to be considered a voluntary one. A bond in the form of the one under review is not prohibited by the statute, nor is it contrary to public policy. It was founded upon a good and sufficient consideration and was intended to subserve a lawful purpose. *Hodson's Case,* 19 *L. Ed.* 940.

There is still another ground upon which the bond in question is to be supported—that of estoppel. This, too, was decided in the *Hodson Case, Ibid.,* where the court said:

"Everyone is presumed to know the law. Ignorance standing alone can never be the basis of a legal right. If a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint, the constraint will destroy it. But where it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defence. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and the liability of the obligors."

In *Camden* v. *Greenwald,* 65 *N. J. L.* 458, it was held that a surety on a bond given by a town treasurer to the town itself was estopped on demurrer from averring against the recital in the bond that he would be responsible for its obligor, not only for the term therein specified, but for and during such succeeding terms as he should continue to perform the duties of his office. And the Supreme Court remarked (at *p.* 463):

"If we had reached the conclusion that no term is stated in the bond, notwithstanding the statute fixes one, still it would not have been void; it was a good bond as a voluntary one for the faithful performance by the obligor of the duties of treasurer until his successor was elected."

True, that case arose upon demurrer, but the doctrine as to the voluntary character of the bond is equally applicable to the ground of defence interposed in the case at bar.

We are of opinion that the recognizance sued on is valid, and that, therefore, the judgment of the court below must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.