383 So.2d 308 (1980)
ACCREDITED SURETY AND CASUALTY COMPANY, INC., Appellant,
v.
The STATE of Florida, for the Use and Benefit of HILLSBOROUGH COUNTY, Florida, Appellee.
No. 79-746.
District Court of Appeal of Florida, Second District.
May 9, 1980.
Gerry Gordon, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
The question before us is whether a surety on a bail bond is discharged when the accused is subsequently arrested again on the same charge. In this action the trial court concluded that the surety was not discharged and ordered the forfeiture of the bond. We hold that the trial court erred and reverse.
On June 7, 1978 Margaret Arenas was arrested on a charge of robbery. Bail was set and the accused was released from custody upon the posting of a surety bond by the appellant. The bond secured the appearance of the accused before the court on August 29. On July 6, 1978 the accused was arrested on two counts of robbery, one of which was the same as that for which she had been previously arrested and for which appellant had posted bond. The accused was released on her own recognizance on both charges and appearance was again set for August 29, 1978. She failed to appear and an order of forfeiture of the original surety bond was entered against the appellant.
A bail bond is a three party contract between the state, the accused and the surety. The surety guarantees the state that the accused will appear at subsequent proceedings. The rule in this and several other states is that the surety is discharged if the accused is rearrested on the same charge or for the same offense. Ex parte Cribbs, 109 Fla. 286, 146 So. 912 (1933); Cash et al. v. State, 73 So.2d 903 (Fla. 1954); Commonwealth v. Stuyvesant Insurance Co., 366 Mass. 611, 321 N.E.2d 811 (1975); State v. Gonzalez, 69 N.J. Super. 283, 174 A.2d 209 (1961); Commonwealth v. Skaggs, 152 Ky. 268, 153 S.W. 422 (1913).
The rule is predicated on the theory that the release of an accused on bond commits him to the exclusive custody of the surety. *309 Rearrest on the same charge removes the accused from the surety's control, thereby releasing the surety from its obligation to ensure the accused's appearance. The return of the accused to the state's custody constitutes a breach of the surety contract, and the court cannot create a new obligation on the part of the surety by attempting to "continue bail" under the previously posted bond.
The rationale of the custody theory is that the person having the accused in custody is in the best position to secure his appearance. The state's discretion to either require the accused to post a new bond or to release him on his own recognizance is unquestioned. However, if the state elects to release on recognizance, then the state assumes the risk that the accused may not appear for subsequent proceedings.
It follows that when Arenas was arrested on the robbery charge for which the appellant had posted bond, the surety agreement was breached because appellant was deprived of the exclusive custody of the accused. Appellant's obligation was thereupon extinguished. The subsequent release of Arenas on her own recognizance constituted a new contract to appear between only her and the state. Appellant was not a party to that new contract and therefore was not liable for Arenas' failure to appear. Accordingly, the final judgment of the circuit court ordering the forfeiture of appellant's $10,502 surety bond is reversed.
SCHEB, Acting C.J., and RYDER, J., concur.