611 A.2d 172

STATE OF NEW JERSEY v. JASON RYU, A/K/A JAE SONG RYU, AND SUNNY HWANG, A/K/A SUNYUNG HWANG, A/K/A SUN Y. HWANG.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided July 10, 1992.

88

*Michael J. Zidonik,* Assistant Prosecutor (*Andrew K. Ruotolo,* Prosecutor of Union County, attorney).

*Joseph G. Monaghan,* for American Bankers Insurance Company of Florida, Surety.

*Michael Gross,* for the defendant, Jason Ryu (*Gross & Gross,* attorneys).

IRONSON, J.S.C.

This matter is before the court on a motion brought on behalf of the American Bankers Insurance Company of Florida (American Bankers) seeking an order of the court to discharge its liability as surety with respect to a bail bond posted on behalf of the defendant Jason Ryu, and for further relief in the form of revocation of the defendant's bail and the setting of a new bail or releasing the defendant on recognizance. The underly-

ing action in this case arises out of an indictment returned by the Union County Grand Jury which contains multiple counts against this defendant and the co-defendant Hwang charging this defendant with having committed the crimes of theft, conspiracy, forgery, uttering a forged writing and the falsifying of records or writings.

On May 8, 1990 American Bankers, through its agent, Callahan Lawyers Service and Callahan Bail Bond Agency (Callahan), posted a $100,000 bail bond for defendant Ryu. At the time that American Bankers posted the bond, defendant Ryu and his wife executed as collateral for the bond two mortgages in favor of American Bankers, one on property they owned located at 32 Addison Terrace, Old Tappan, New Jersey, and another on property designated as Roc Harbour, Building 3, Unit S–2F, North Bergen, New Jersey. American Bankers does not hold the primary mortgage on either property and presently, foreclosure proceedings have been instituted against both properties by the first mortgagee. As of August 6, 1990, Mr. Ryu owed $3500 on the bond premium, $1500 collateral and costs of $150 for a total of $5150, which amounts still remain unpaid.

On May 5, 1992 the defendant Ryu appeared before this Court, and under the terms of a plea agreement entered into with the State, pled guilty to one count of second degree theft in consideration for which the State at time of sentencing will recommend to the court that the defendant be sentenced to a maximum period of confinement in State Prison of five years and a dismissal of the remaining counts of the indictment.

In bringing this motion American Bankers and Callahan urge the court to grant the relief requested due to the fact that Mr. Ryu has failed to meet his obligations under an agreement and promissory note to pay for the costs of the bond and because the two mortgages given as collateral for the bond are the subject of foreclosure actions. It is also contended by the

movants that the relief requested should be granted pursuant to *R.* 3:26–6(b) & (c).

On the other hand, this application is opposed by both the State and the defendant Ryu, who argue that the court should not consider discharging the surety without having the defendant present in court to surrender since he no longer enjoys the presumption of innocence and because of the second degree conviction, there is a strong likelihood of incarceration. Furthermore, they assert that American Bankers has a contractual obligation to secure Mr. Ryu's appearance until he has been sentenced and that any hardship sustained by the movants because of Mr. Ryu's failure to pay for the full costs of the bond and the foreclosure actions against the property were foreseeable risks.

This court finds that American Bankers has a contractual obligation with the State until the defendant is sentenced and under the present circumstances, cannot be relieved of its obligation.

> The recognizance of bail constitutes a contract, and where executed by a surety amounts to a contract between that surety and the State. *State v. Gonzalez,* 69 *N.J.Super.* 283, 291 [174 *A.2d* 209] (App.Div.1961); 8 *Am.Jur.*2d, *Bail & Recognizance,* Sec. 59. As such, the traditional rules of contract law are applicable. The recognizance must be construed according to its express terms. The plain meaning may not be modified where no ambiguity exists. 8 *Am.Jur.*2d, *Bail & Recognizance,* Sec. 59; 8 *C.J.S. Bail* Sec. 62; *Cf. Midland Carpet Corp. v. Franklin Assoc. Prop.,* 90 *N.J.Super.* 42, 46 [216 *A.2d* 231] (App.Div.1966); *U.S. Pipe & Foundry Co. v. American Arbitration Ass'n,* 67 *N.J.Super.* 384, 393 [170 *A.2d* 505] (App.Div.1961); *Commonwealth v. Hill,* 180 *Pa.Super.* 430, 119 *A.2d* 572, 573 (Super.Ct.1956).

*State v. Rice,* 137 *N.J.Super.* 593, 600, 350 *A.2d* 95 (Law Div.1975), *aff'd o.b.* 148 *N.J.Super.* 145, 372 *A.2d* 349 (App.Div. 1977).

This contractual obligation of the surety is consistent with *R.* 3:26–4(a), which provides in part:

> (a) Deposit of Bail. A person admitted to bail shall, together with his sureties, sign and execute a recognizance before the person authorized to take bail or, if the defendant is in custody, the person in charge of the place of confinement. The recognizance shall contain the terms set forth in *R.* 1:13–3(b) and *shall be conditioned upon the defendant's appearance at all stages of the proceed-*

*ings until final determination of the matter,* unless otherwise ordered by the court. [Emphasis supplied]

The agreement entered into between American Bankers, the defendant Ryu and the State provides in part as follows:

... if default be made in the following condition, to wit, that the said Jason Ryu shall personally be and appear before the next County Court of Union County, Criminal Division, to be held in and for the County of Union, aforesaid, on when wanted, the ____ day of ____ A.D. 19__, at the hour of 10 o'clock A.M., or before or thereafter when wanted, to answer unto such matters as shall then and there be objected against him, and shall not depart the Court without leave, then this recognizance to be void, otherwise to remain in full force and virtue ...

The term "shall not depart the Court without leave" has been interpreted to be "a final determination." See *Silvers v. State,* 59 *N.J.L.* 428, 37 *A.* 133 (E. & A. 1897) and *State v. Hancock,* 54 *N.J.L.* 393, 24 *A.* 726 (Sup.Ct.1892) as discussed in *State v. Rice, supra,* 137 *N.J.Super.* 593, 601 n. 2, 350 *A.2d* 95 (Law Div.1975) *aff'd o.b.* 148 *N.J.Super.* 145, 372 *A.2d* 349 (App.Div.1975). "A final determination" does not occur until "a dismissal on the merits, an acquittal or upon sentence after conviction." *State v. Rice, supra,* 137 *N.J.Super.* at 601, 350 *A.2d* 95.

This contractual obligation cannot be changed unilaterally because events have been changed over time.

A surety is or should be aware that his obligation on the recognizance will remain active during the entire time period required to finally dispose of a charge against the principal. The mandated form of recognizance expressly so provides without any suggestion of a time limitation, and the absence of ambiguity permits of no judicial construction to suggest such. Nevertheless, the surety is not without available relief. If, after entering into the contract of recognizance, a surety desires to terminate or limit the obligation, both the rules of court and the terms of the recognizance provide that a surety may apply to the court for such an order or tender a timely surrender of the defendant into custody.

*Id.* at 602, 350 *A.2d* 95.

Reliance by the movants on *R.* 3:26–6(b) & (c) is misplaced as those rules apply only to bail that has already been forfeited which has not occurred in this case. Nor can the movants rely on *R.* 3:26–7 which provides in part: "A surety may be exonerated by a deposit of cash in the amount of the recognizance or

by a timely surrender of the defendant into custody." The surety has neither deposited cash nor has it offered to surrender the defendant into custody.

For the above stated reasons, the motion is denied and the defendant is directed to appear before the court for sentencing on the date as previously ordered.